IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRITTANY J. PHYFIHER as Mother | ) | |
| of A.L.P., a Minor and STEWART E. | ) | |
| PHYFIHER as Father of A.L.P., a Minor. | ) | |
| | ) | |
| Plaintiffs. | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA. | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COME NOW the Plaintiffs, Brittany J. Phyfiher and Stewart E. Phyfiher, on behalf of their

minor daughter, A.L.P., by and through their undersigned Counsel, Hassakis & Hassakis, P.C.,

and for their Complaint against the Defendant, The United States of America, and pursuant to the

Federal Torts Claim Act states and allege as follows:

## **PROCEDURAL**

**1.** This is a medical negligence action which arises under the Federal Tort Claims Act

(FTCA).

**2.** A U.S. Department of Justice Standard Form 95 was completed and timely filed with the

U.S. Department of Health & Human Services and the U.S. Department of Justice and received by

both agencies on or about July 30, 2021. Plaintiffs enclosed medical records and an expert's report

along with the Form 95.

**3.** That the U.S. Department of Health and Human Services acknowledged the claim but failed

to provide for a final disposition of the claim within six-months and its inaction is deemed a final

denial pursuant to 28 U.S.C. § 2675(a).

Page 1 of 7

## STATEMENT OF JURISDICTION

**4.**     That at all times relevant hereto, Dr. David K. Israel, D.O., was an FTCA-deemed Public Health Service employee under 42. U.S.C 233(g)-(n).

**5.**     That at all times relevant hereto, Christopher Greater Area Rural Planning Corporation was an FTCA-deemed facility and Health Center Program grantee under 42 U.S.C 254b.

**6.**     This Court has subject matter jurisdiction over Dr. David K. Israel, D.O., and Christopher Greater Area Rural Planning Corporation pursuant to Federal Question Jurisdiction, 28 U.S.C. § 1331; 28 U.S.C. § 2671 *et. seq.*, commonly referred to as the Federal Torts Claims Act.

**7.**     That the United States District Court for the Southern District of Illinois is the appropriate venue as the medical care at issue in this medical negligence case occurred within the Southern District of Illinois' judicial district pursuant to 28 U.S.C. 1391(b).

### COUNT I - NEGLIGENCE
*(Brittany Phyfiher and Stewart Phyfiher obo A.L.P. v. The United States of America)*

**8.**     That at all times relevant hereto, Plaintiff, Brittany J. Phyfiher, was a resident and citizen of the State of Illinois residing in Jefferson County, Illinois.

**9.**     That at all times relevant hereto, Plaintiff, Stewart E. Phyfiher, was a resident and citizen of the State of Illinois residing in Jefferson County, Illinois.

**10.**     That at all times relevant hereto, Defendant, David K. Israel, D.O., was a resident and citizen of the State of Illinois residing in Jefferson County, Illinois.

**11.**     That at all times relevant hereto, Dr. David K. Israel, D.O., was a physician specializing in pediatrics, duly licensed to practice medicine under the law of the State of Illinois, and was engaged in the practice of his profession providing medical services to patients in Jefferson County, Illinois.

12.     That at all times relevant hereto, Dr. David K. Israel, D.O., was employed as a physician by the Christopher Greater Area Rural Planning Corporation in its Mt. Vernon, Illinois clinic and at all times was acting within the course and scope of his employment with CGARPC.

13.     That at all times herein, there existed a physician-patient relationship between Dr. David K. Israel, D.O., and A.L.P., a Minor.

14.     That on August 9, 2019, A.L.P., was born at Good Samaritan Hospital – Mt. Vernon and demonstrated positive Barlow and Ortolani signs on examination. On August 9, 2019, A.L.P. was assessed with subluxing hips bilaterally as a result.

15.     That on August 13, 2019, A.L.P. was treated by Dr. David Israel, D.O. Dr. Israel's August 13, 2019 medical note indicated "Ortolani and Barlow Negative."

16.     That on August 15, 2019, A.L.P. was treated by Dr. David Israel, D.O. Dr. Israel's August 15, 2019 medical note indicated "Ortolani and Barlow Negative."

17.     That on October 9, 2019, A.L.P. was treated by Dr. David Israel, D.O. Dr. Israel's October 9, 2019 medical note does not indicate the performance of a hip examination that date.

18.     That on December 12, 2019, A.L.P. was treated by Dr. David Israel, D.O. Dr. Israel's December 12, 2019 medical note stated "hip exam normal with no clicks."

19.     That on February 12, 2020, A.L.P. was treated by Dr. David Israel, D.O. Dr. Israel's February 12, 2020 medical note stated "hip exam normal with no clicks."

20.     That on December 7, 2020, A.L.P. was treated by Dr. David Israel. On December 7, 2020, Plaintiffs expressed concern to Dr. Israel about A.L.P's difficulty walking but were reassured by Dr. Israel that A.L.P. was still learning to walk.

21.     That on March 8, 2021, A.L.P. was treated by Dr. David Israel. Dr. Israel's March 8, 2021 medical note indicated that A.L.P.'s "right leg appears to be 2.5 cm longer than left."

22.     That A.L.P. was subsequently treated by a pediatric orthopedist and diagnosed with congenital left hip dislocation, otherwise known as Developmental Dysplasia of the Hip ("DDH").

23.     That on June 4, 2021, A.L.P., was forced to undergo the following surgical procedures: (1) open reduction of the dislocated left hip; (2) tenotomy of the left adductor; and (3) left femoral osteotomy, to correct the acquired leg length discrepancy.

24.     That at all times relevant hereto, Defendant, The United States of America, by and through Dr. David K. Israel, D.O., was guilty of one, more than one or all of the following acts or omissions:

> a.  Negligently and carelessly failed to review the Newborn Discharge Summary from A.L.P.'s birth;
> b.  Negligently and carelessly failed to coordinate orthopedic follow-up for A.L.P. following discharge from Good Samaritan Hospital;
> c.  Negligently and carelessly failed to examine A.L.P.'s hips during well child exams;
> d.  Negligently and carelessly failed to perform or properly perform Barlow and Ortolani examinations of A.L.P. during well child exams;
> e.  Negligently and carelessly failed to examine A.L.P.'s hips or legs following Plaintiffs' concerns about A.L.P.'s walking;
> f.  Negligently and carelessly failed to watch A.L.P. attempt to walk following Plaintiffs concerns about A.L.P.'s walking; and
> g.  Negligently and carelessly failed to diagnose A.L.P. with congenital left hip dislocation in a reasonably prudent, timely fashion.

25.     That as a direct and proximate result of one, more than one or all of the foregoing acts or omissions of the Defendant, United States of America, by and through Dr. David K. Israel, D.O., the minor Plaintiff, A.L.P., has suffered injury including, but not limited to suffering great pain, physical and mental disabilities, loss of normal life, past medical bills, future medical bills, economic losses, including future wage loss and future earning capacity, and she will have future

needs for medical care, life care and is and will continue to be unable to attend to her ordinary affairs and duties.

**26.**     That as a further direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the defendant, The United States of America, by and through Dr. David K. Israel, D.O., A.L.P. was deprived of non-surgical treatment options that were available to her prior to Dr. David Israel's actions and/or inactions; likewise, she has suffered the lessened effectiveness of those medical treatments available to her associated with her DDH; and suffers an increased risk of future surgeries and unfavorable outcomes regarding her DDH into the future.

WHEREFORE, Plaintiffs, Brittany J. Phyfiher and Stewart E. Phyfiher, on behalf of A.L.P., a Minor, pray for judgment in their favor and against Defendant, The United States of America, in an amount which substantially exceeds the minimum jurisdictional limit, together with costs of suit and such other relief as this Court deems just and proper.

## COUNT II – FAMILY EXPENSE ACT
### *(Brittany Phyfiher obo A.L.P. v. The United States of America)*

**1-26.**   That Brittany J. Phyfiher repeats and realleges Paragraphs 1-26 of Count I of the Complaint as Paragraphs 1-26 of this Count II.

**27.**     That Plaintiff, Brittany J. Phyfiher is the natural mother to A.L.P., a Minor.

**28.**     That as a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendant, the Plaintiff has sustained great losses in the form of past medical expenses and future medical bills.

WHEREFORE it is respectfully requested that Judgment be entered in favor of the Plaintiff, Brittany J. Phyfiher, and against the Defendant, The United States of America, in an amount to fully and fairly compensate the Plaintiff for all past and future losses compensable under the terms

of the Family Expense Statute (750 ILCS 65/15), and by common law, which substantially exceeds the minimum jurisdictional limit, together with costs of suit and such other relief as this Court deems just and proper.

### COUNT III – FAMILY EXPENSE ACT
#### (*Stewart Phyfiher obo A.L.P. v. The United States of America*)

**1-26.**   That Stewart E. Phyfiher repeats and realleges Paragraphs 1-26 of Count I of the Complaint as Paragraphs 1-26 of this Count III.

**27.**   That Plaintiff, Stewart E. Phyfiher, is the natural father to A.L.P., a Minor.

**28.**   That as a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendant, the Plaintiff has sustained great losses in the form of past medical expenses and future medical bills.

WHEREFORE it is respectfully requested that Judgment be entered in favor of the Plaintiff, Stewart E. Phyfiher, and against the Defendant, The United States of America, in an amount to fully and fairly compensate the Plaintiff for all past and future losses compensable under the terms of the Family Expense Statute (750 ILCS 65/15), and by common law, which substantially exceeds the minimum jurisdictional limit, together with costs of suit and such other relief as this Court deems just and proper.

HASSAKIS & HASSAKIS, P.C.,
Attorneys for Plaintiff,
Brittany and Stewart Phyfiher on behalf of their
Minor Daughter, A.L.P.,

By: _____
Joshua A. Humbrecht
Paul E.H. Rademacher

Attorneys for Plaintiff:
HASSAKIS & HASSAKIS, P.C.
206 South Ninth Street, Suite 201
Post Office Box 706
Mount Vernon, IL 62864
Phone: (618) 244-5335
Fax: (618) 244-5330
Email:  jhumb@hassakislaw.com
        paul@hassakislaw.com
ARDC No.:     6300072
              6324529